UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MARIA PETER, et. al.                    :
                                        :
v.                                      :          C.A. No. 21-00451-WES
                                        :
SUSAN DIANE WOJCICKI, et. al.           :

REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge

**Background**

On November 12, 2021, Plaintiffs Maria Peter, Michael Peter, Julika Berger, and Jarolin Berger filed their pro se Complaint.  (ECF No. 1).  After being ordered to pay the civil case filing fee of $402.00 or file a Motion to Proceed In Forma Pauperis ("IFP Motion"), Plaintiff Maria Peter filed an IFP Motion on December 14, 2021.  (ECF No. 5). Plaintiff's Motion filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination.  28 U.S.C. § 636; LR Cv 72.  After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff has sufficient assets to pay the fees and costs of this proposed civil case and thus, I recommend that Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 5) be DENIED.

Further, in connection with an IFP Motion, I am required by statute to review Plaintiffs' Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."  For the reasons discussed below, I recommend that Plaintiffs' Complaint be DISMISSED because it is

"frivolous," and "fails to state a claim on which relief may be granted."   See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiffs Michael and Maria Peter are residents of Austria, and Plaintiffs Julika and Jarolin Berger are residents of Germany.   (ECF No. 1 at p. 3).   They name as Defendants Susan Diane Wojcicki, CEO of Youtube; William Henry Gates, Co-Chair and Trustee of the Bill and Melinda Gates Foundation, misnamed as William Henry Cates, president of BMGF; Stephane Bancel, CEO of Moderna Therapeutics; and Albert Bourla, CEO of Pfizer.   Id. at p. 2.   They have filed the identical Complaint in multiple jurisdictions, including the District of Wyoming (21cv00205), the Eastern District of Pennsylvania (2:21cv04994), the District of Hawaii (1:2021cv00449), the District of New Hampshire (1:2021fp00868), the District of Nevada (2:2021cv02026 and the District of South Dakota (3:2021cv03023).

In their "Statement of Claim" they allege, inter alia that "[o]n 3/13/2020 SB in New York/NY & AB in Cambridge/MA, and on 4/12/2020 SDW in Bruno/CA & WHC in Seattle/WA failed to keep the risk of synthetic bioweapon-attacks at the 10%-low, but it rose to a 70%-high."   (ECF No. 1 at p. 4).   They further allege that these Defendants "made decision makers believe a 'deadly killer virus is spreading.'"   Id.   They note that they have "appointed bodyguards to protect them from being kidnapped by the defendants."   Id. at p. 5.   Plaintiffs claim to have suffered "anxiety disease Akva-A" and seek compensatory damages of $100,000.00 and punitive damages of "more than $16 Trillion."   Id. at p. 4.

**Standard of Review**

In McDonald v. Colvin, No. CA 15-326 ML, 2015 WL 5507093, at *1 (D.R.I. Sept. 16, 2015), this Court noted that a Plaintiff seeking IFP status will be required to "'put his

money where his mouth is,' it being all too easy to file suits, even with sufficient pro forma allegations, if it costs nothing whatever to do so." Citing In re Stump, 449 F.2d 1297, 1298 (1st Cir. 1971) (per curiam).   The Court went on to note that "in evaluating the merits of an IFP motion, this Court must 'hold the balance steady and true as between fairness to the putatively indigent suitor and fairness to the society which ultimately foots the bill.'" Id. citing Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984) (Selya, J.).   Applying these principles to the information set forth in Plaintiff's IFP Affidavit, it is evident that Plaintiff does not qualify for IFP status.   Plaintiff states that she is employed and has gross pay of $12,000.00 a month and take-home pay of $10,000.00 a month.   (ECF No. 5 at p. 1). She states that she has $10,000.00 "in cash or in a checking or savings account." Id. at p. 2.   Plaintiff states that she receives government child support of $5,000.00 per year, pays $500.00 per month in rent and owns a car valued at $1,000.   Id.   Given that Plaintiff has $10,000.00 in bank accounts and based on her monthly income, she is able to pay fees and costs in this case, and does not qualify for IFP status, as society should not "foot the bill" for her filing.

Next, the Court undertakes its duty to review the allegations contained in the Complaint.   Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity.   28 U.S.C. § 1915(e)(2)(B).   The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).   See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).   In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under

-3-

any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that Plaintiffs' Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiffs' Complaint as true and has drawn all reasonable inferences in their favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiffs' allegations and legal claims since they have been put forth by pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiffs' Complaint, dismissal is required because the Complaint fails to state any claim and is frivolous.

Although the Court must review the evidence and draw all reasonable inferences in Plaintiff's favor when screening a case under 28 U.S.C. § 1915A, the Court is not required to accept "factual contentions that are irrational, delusional, or wholly incredible." Laurence v. Wall, C.A. No. 09-427ML, 2009 WL 4780910 at *3 (D.R.I. Dec. 10, 2009) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992) (court need not accept "fantastic or delusional scenarios")). Here, Plaintiffs' Complaint presents an unsupported, irrational tale incapable of deciphering. Their reference to "nuclear (!) retaliatory strikes against aggressive states/terrorists using synthetic bioweapons" is not tied to any factual bases. Additionally, the Complaint, as drafted, fails to comply with Fed. R. Civ. P. 8(a), and this District appears to lack proper venue and personal jurisdiction over Defendants.

-4-

**Conclusion**

For the reasons stated, Plaintiffs' Application to Proceed Without Prepayment of Fees (ECF No. 5) is DENIED.   Further, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), I further recommend that Plaintiffs' Complaint (ECF No. 1) be DISMISSED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.   See Fed. R. Civ. P. 72(b); LR Cv 72.   Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


    /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 20, 2021